**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VELMA GUTHRIE,

Defendant-Appellant.

No. 07-5071

Northern District of Oklahoma

(D.C. No. 06-CR-195-02-HDC)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Velma Guthrie was arrested, along with co-defendant Damian Garcia, when the two of them sold cocaine to undercover officers in Tulsa, Oklahoma. A later search turned up more drugs—8.23 grams of methamphetamine mixture, 16.27 grams of methamphetamine, 141.38 grams of cocaine mixture, and 11.08 grams of cocaine base—along with cash and a number of guns. Ms. Guthrie was charged

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with eight counts of drug and firearm offenses and pleaded guilty to two: conspiracy to violate drug laws, 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug offense, 18 U.S.C. § 924(c)(1)(A)(i). The others were dismissed.

At sentencing, the Presentence Report recommended that in addition to the drugs actually found by the police, Ms. Guthrie be held accountable for having dealt nine more kilograms of cocaine—half a kilogram per week times 18 weeks—which is sentenced as the equivalent of 1800 kilograms of marijuana. Combined with the other drugs in her residence, this brought her total marijuana equivalent to 2142.3 kilograms. Ms. Guthrie contested the PSR's factual recommendation about her previous possession or distribution of the nine kilograms of cocaine, which was necessary to establish her base offense level of 32.

The primary evidence for the nine grams of cocaine came from a statement Ms. Guthrie made to Detective Randy MacKenzie after she was arrested. At sentencing, Detective MacKenzie testified that Ms. Guthrie had "stated that she had been selling for approximately five months. She stated that [Mr. Garcia] gets a half a kilo of cocaine a week and that they sell that half a kilo and some methamphetamine per week." R. Vol. IV, at 10–11. The district court found this testimony "very helpful" in confirming the PSR's accuracy. *Id.* at 28. The court said that it had also been helped by the fact that Mr. Garcia, her co-defendant, had

"verified the[] amounts" in the PSR at his own sentencing hearing. *Id.* Ms. Guthrie put forward no evidence of her own. The court concluded that a preponderance of the evidence indicated that she was responsible for at least nine kilograms of cocaine over eighteen weeks.

We review factual findings at sentencing for clear error, *United States v. Geiner*, 498 F.3d 1104, 1108 (10th Cir. 2007), and this finding was not clearly erroneous. Ms. Guthrie makes two objections: first, that her admission to Detective MacKenzie was sufficiently ambiguous that it does not support the full drug quantity; second, that it was improper to consider the testimony from her co-defendant's sentencing hearing or her co-defendant's PSR because that evidence was "outside the record." Aplt's Br. at 10. We disagree, and affirm.

As to Detective MacKenzie's testimony, Ms. Guthrie argues that while she admitted to selling drugs for five months, and she admitted that *at the time of her arrest* she sold half a kilogram of cocaine per week, she never specified that she sold the same quantities of cocaine historically. She argues that during the previous months when she sold drugs, she might have sold smaller quantities of cocaine, or sold different drugs that are punished at a lower rate. This is not, however, in accord with the best reading of the officer's account of her post-arrest statement. Her admission that she sold "half a kilo . . . per week," R. Vol. IV, at 10, most naturally suggests that during the weeks that she dealt drugs, she dealt roughly half a kilogram of cocaine each week. Furthermore, the PSR,

conservatively, ignored entirely the "some methamphetamine per week," *id.*, that she also admitted selling. This underestimation heightens the likelihood that the district court's finding was correct. Given this testimony and the absence of any evidence to the contrary, it was reasonable for the district court to infer that she sold nine kilograms of cocaine. *See United States v. Richards*, 27 F.3d 465, 469 (10th Cir. 1994) (estimates of drug quantity "must . . . have some basis of support in the facts of the particular case." (internal quotation marks omitted)).

On this evidence, it was not clearly erroneous for the court to conclude that the preponderance of the evidence confirmed the quantity identified in the PSR. Therefore, we do not need to decide whether it was improper for the court to be "assisted," *id.* at 28, by Mr. Garcia's PSR and testimony from his separate sentencing hearing, although we note that other circuits do permit the use of such evidence at sentencing under some circumstances. *See, e.g.*, *United States v. Canada*, 960 F.2d 263, 267–68 (1st Cir. 1992) (testimony from co-defendant's sentencing hearing is admissible where there is a "meaningful opportunity to comment" on it); *United States v. Patrick*, 988 F.2d 641, 648–49 (6th Cir. 1993) (admitting testimony from co-defendant's sentencing was at most harmless error). It is unclear whether this Court would take the same approach, or whether those circumstances would be deemed present here if we did.

The judgment of the United States District Court for the Northern District of Oklahoma is **AFFIRMED**.

> Entered for the Court,
>
> Michael W. McConnell
> Circuit Judge